[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 216.]

DOGANIERO ET AL., APPELLANTS, *v.* INSURANCE COMPANY OF OHIO ET AL.,
APPELLEES.

[Cite as *Doganiero v. Ins. Co. of Ohio*, 2001-Ohio-177.]

*Insurance—Motor vehicles—Mandatory offering of uninsured and underinsured*
*motorist coverage—Amount available for payment for purpose of setoff—*
*Court of appeals' judgment reversed on authority of Littrell v.*
*Wigglesworth and Clark v. Scarpelli and cause remanded to trial court for*
*further proceedings.*

(No. 01-159—Submitted May 16, 2001—Decided July 5, 2001.)

CERTIFIED by the Court of Appeals for Cuyahoga County, No. 77075.

———————————

{¶ 1} The question certified for our consideration is "whether R.C.
3937.18[A][2] precludes recovery of underinsured motorist insurance benefits
where the insured's underinsured motorist coverage limits are less than or equal to
the tortfeasor's liability coverage limits but the presence of other claimants prevents
the insured from recovering any part of the tortfeasor's coverage."

{¶ 2} Pursuant to our decisions in *Littrell v. Wigglesworth* (2001), 91 Ohio
St.3d 425, 746 N.E.2d 1077, and *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744
N.E.2d 719, the certified question is answered in the negative. The judgment of the
court of appeals is reversed on the authority of *Littrell* and *Clark*, and the cause is
remanded to the trial court for further proceedings consistent with our decisions in
*Littrell* and *Clark*.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 3} I respectfully dissent based on the reasoning set forth in my dissenting opinion in *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425, 746 N.Ed.2d 1077, and in my opinion concurring in part and dissenting in part in *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

———————————

*Schulman, Schulman & Meros* and *Howard A. Schulman,* for appellants.

———————————